IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. O'LEARY, ) | |
| ) | |
| Plaintiff, ) | Case No. 09 CV 1428 |
| ) | |
| v. ) | Judge Conlon |
| ) | |
| HEALTHCARE SERVICES, INC., d/b/a ) | Magistrate Judge Mason |
| ACCRETIVE HEALTH and MARY TOLAN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TOLAN'S MOTION TO DISMISS
COUNT III OF PLAINTIFF'S COMPLAINT[1]**

Defendant MARY TOLAN ("Tolan"), by her attorneys Seyfarth Shaw LLP, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Count III of Plaintiff's Complaint. In support of her motion, Defendant relies on her contemporaneously filed memorandum in support and states:

1. On March 5, 2009, Plaintiff filed a three-count Complaint against Defendants Healthcare Services, Inc., d/b/a Accretive Health and Mary Tolan. Counts I and II of the Complaint allege claims against Accretive Health ("Accretive") under Title VII of the Civil Rights Act of 1964, as amended, the Illinois Wage Payment and Collection Act, and the Illinois Attorneys' Fees Collection Act. Count III alleges "tortious interference with prospective relationship" against Accretive's Chief Executive Officer, Mary Tolan ("Tolan").

2. Count III of Plaintiff's Complaint should be dismissed because it fails to state a claim for "tortious interference with prospective relationship" against Tolan.

3. Illinois does not recognize a claim for "tortious interference with prospective relationship," and Count III of Plaintiff's Complaint should be dismissed on this basis alone.

---

[1] Counts I and II allege claims only against the corporate defendant Healthcare Services, Inc., d/b/a Accretive Health, while Count III alleges claims only against the individual defendant Mary Tolan.

- 1 -

4. Alternatively, Plaintiff fails to state a claim for tortious interference with prospective economic advantage under Illinois law for the following reasons:

   a. Plaintiff fails to allege that he had a reasonable expectation of continued employment with Accretive Health and that Tolan had knowledge of and purposefully interfered with his alleged expectation.

   b. Tolan is Accretive Health's Chief Executive Officer and is protected by Illinois' corporate officer privilege.

   c. Plaintiff's attempted claim is inextricably linked to allegations of a civil rights violation under the Illinois Human Rights Act and is, therefore, preempted by that Act.

WHEREFORE, for the foregoing reasons, set forth more fully in Defendant's supporting memorandum of law filed herewith, Defendant Mary Tolan respectfully submits that Count III of Plaintiff's claim should be dismissed with prejudice.

Respectfully submitted,

MARY TOLAN


By   s/ Brenda H. Feis
        One of Her Attorneys

Brenda H. Feis
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois  60603
(312) 460-5000

May 14, 2009

## **CERTIFICATE OF SERVICE**

I, Brenda H. Feis, an attorney, do hereby certify that on May 14, 2009, I caused a true and correct copy of the foregoing MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Nancy A. Temple
>Katten & Temple LLP
>542 S. Dearborn, Suite 610
>Chicago, Illinois 60605
>ntemple@kattentemplelaw.com

By: s/Brenda H. Feis
    Brenda H. Feis