IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH P. O'LEARY, | ) |
| Plaintiff, | ) Case No. 09 CV 1428 |
| v. | ) Judge Conlon |
| HEALTHCARE SERVICES, INC., d/b/a ACCRETIVE HEALTH and MARY TOLAN, | ) Magistrate Judge Mason |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARY TOLAN'S
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Mary Tolan respectfully submits this memorandum of law in support of her motion to dismiss Count III of Plaintiff's Complaint with prejudice.

**FACTS**

Joseph P. O'Leary ("Plaintiff") filed a three-count Complaint on March 5, 2009. Counts I and II of Plaintiff's Complaint allege claims against Healthcare Services, Inc., d/b/a Accretive Health ("Accretive"), under Title VII of the Civil Rights Act of 1964, as amended, the Illinois Wage Payment and Collection Act, and the Illinois Attorneys' Fees Collection Act. Count III alleges "tortious interference with prospective relationship" against Accretive's Chief Executive Officer, Mary Tolan ("Tolan").

In support of the tort claim asserted in Count III, Plaintiff alleges that he accepted employment with Accretive in February, 2005 based on the terms and conditions set forth in an offer of employment letter (Compl. ¶ 12). Plaintiff alleges that sometime after September 2006, he witnessed another Accretive employee, Rhonda Miller ("Miller"), mistreating her African-American subordinates and that he believed Miller was a "racist" (Compl. ¶¶ 28-29). Plaintiff

also alleges that in October, 2006, he received a report that Miller had engaged in sexual banter with a group of subordinate employees at an off-site dinner (Compl. ¶ 31).

Plaintiff alleges that on October 23, 2006, he reported Miller's alleged comments to Tolan, along with other concerns about Miller's alleged treatment of African-American employees, and that he recommended to Tolan that Accretive conduct an independent investigation of the matter (Compl. ¶¶ 31, 34, 35, 38). Plaintiff further claims that, instead of responding to his concerns, Tolan allegedly "subjected O'Leary to heightened scrutiny in his position at Accretive" by investigating Plaintiff's own performance and conduct at work (Compl. ¶¶ 38-39). On January 2, 2007, Plaintiff was terminated (Compl. ¶ 42).

Plaintiff alleges that Tolan "purposefully interfered with [his] legitimate expectation to continue working for Accretive . . . ." by (1) not responding properly to Plaintiff's reports of alleged sexual and racial discrimination, (2) setting up a "sham investigation" into Plaintiff's reports, (3) subjecting Plaintiff to heightened scrutiny, and (4) terminating Plaintiff based on false allegations (Compl. ¶ 58). Plaintiff alleges that Tolan acted "solely with malice and intent to harm" Plaintiff, and that Plaintiff suffered damages as a result of Tolan's "malicious acts." (Compl. ¶¶ 57, 59).

## ARGUMENT

Plaintiff's claim that Tolan tortiously interfered with his prospective relationship with Accretive fails as a matter of law for the following reasons: (1) Count III fails to establish essential elements of the tort claim; (2) the actions of Defendant Tolan, the corporate CEO, are protected by a well-established qualified privilege; and (3) Plaintiff's claim is preempted by the Illinois Human Rights Act. On the basis of these legal deficiencies, as detailed below, Count III should be dismissed.

I.  **PLAINTIFF FAILS TO STATE A CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONSHIP.**

Count III of Plaintiff's Complaint alleges a claim for "tortious interference with prospective relationship" against Tolan. No such claim exists under Illinois law, and for this reason alone, Count III should be dismissed. Alternatively, for purposes of this motion to dismiss, Defendant assumes that Plaintiff's claim is an inartfully pled claim for tortious interference with prospective economic advantage. *See Cody v. Taft Harris & Dontron, Inc.*, 409 F.3d 853, 859 (7th Cir. 2005); *Ace v. Marn*, 2007 U.S. Dist. LEXIS 41249, at * 10-11 (N.D. Ill. Apr. 17, 2007); *Dorado v. Aargus Sec. Sys., Inc.*, 2002 U.S. Dist. LEXIS 2732, at *14 (N.D. Ill. Feb. 13, 2002) (alternatively referred to as "tortious interference with prospective business advantage").

To establish a claim of tortious interference with prospective economic advantage in an employment relationship, a plaintiff must establish the following elements: "(1) a reasonable expectation of entering into (or continuing) a valid business relationship; (2) the defendant's knowledge of the plaintiff's expectancy; (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship; and (4) damages to the plaintiff resulting from such interference." *Dorado*, at *14; *Fellhauer v. City of Geneva*, 568 N.E.2d 870, 878 (Ill. 1991). A plaintiff must also allege that the defendant's actions were "unjustified or malicious." *Id.* Because Count III fails to establish the first three required elements of this cause of action, that claim must be dismissed as a matter of law.

  A.  **Plaintiff Fails to Allege That He Had A Reasonable Expectation Of Continued Employment With Accretive.**

Plaintiff, an at-will employee, has not alleged sufficient facts to satisfy the first element of his claim: a reasonable expectation of a continuing valid business relationship. Illinois courts recognize an employee's legitimate expectancy in an employment relationship, even one at-will,

as long as both parties are willing and desire to continue the employment. *Fellhauer*, 568 N.E.2d at 878; *see also Ali v. Shaw*, 481 F.3d 942, 944-45 (7th Cir. 2007) ("in Illinois there is a rebuttable presumption that at-will employment will continue as long as both parties desire that the economic relationship remain in place") (citing *Cashman v. Shinn*, 441 N.E.2d 940, 944 (Ill. App. Ct. 1982)). Plaintiff's allegations, however, fall short of triggering any rebuttable presumption that his at-will employment would have continued indefinitely.

Accretive clearly did not desire to continue its employment relationship with Plaintiff when it terminated his employment, and Plaintiff has failed to allege facts demonstrating otherwise. As stated in his Complaint, Plaintiff bases his reasonable expectation of continued employment on nothing more than his alleged "positive evaluations by his superiors, peers and subordinates, by the positive business results at the hospitals he was asked to focus his efforts on, by statements by the Accretive board of directors, and by his purchase of 100% of his stock options at the earliest possible date" (Compl. ¶ 56).

Allegations that Plaintiff attained positive evaluations, positive business results, and unspecified "statements" by Accretive's board of directors do not establish that Accretive wished the at-will employment agreement with Plaintiff to continue. *See, e.g., Werblood v. Columbia Coll. of Chicago*, 536 N.E.2d 750, 752, 755-56 (Ill. App. Ct. 1989) (plaintiff's expectation of a renewal of her current college employment contract was insufficient to support her intentional interference claim, even though various college officials told her that her performance was "competent" and had allegedly assured her that her employment there was secure). Nor does Plaintiff's purchase of 100% of his stock options establish a reasonable expectation of continued

employment. Plaintiff's purchase supports, at best, Plaintiff's desire to continue employment with Accretive, not the other way around.[1]

Ultimately, Plaintiff's allegations simply establish his subjective hope of continued employment with Accretive, and Plaintiff's personal belief that he had a reasonable expectation is insufficient to establish a claim under Illinois law. *See Ali v. Cook County Bd. Of Review*, 2006 U.S. Dist. LEXIS 97462, at *5 (N.D. Ill Jan. 9, 2006) (Conlon, J.), *aff'd sub. nom. Ali v. Shaw*, 481 F.3d 942 (7th Cir. 2007) (citing *Werblood*, 536 N.E.2d at 756; *Williams v. Weaver*, 495 N.E.2d 1147, 1152 (Ill. App. Ct. 1986)). As this Court clearly stated in *Ali*, "the mere hope of continued employment, without more, does not . . . constitute a *reasonable* expectancy as must exist to state a cause of action for tortious interference." 2006 U.S. Dist. LEXIS 97462, at *5 (emphasis in original). Because Plaintiff fails to satisfy the first required element of his tort claim, Count III must be dismissed.

### B. Plaintiff Fails to Allege That Tolan Knew Of His Purported Expectancy Of Continued Employment With Accretive.

Count III is further defective in that it fails to allege that Tolan knew of his alleged expectancy of continued employment. As demonstrated above, Plaintiff merely hoped to continue employment with Accretive and he makes no allegation in support of his bald assertion that Tolan had knowledge of such alleged expectancy. Plaintiff's unsupported statements are insufficient to raise an inference that Tolan knew that Plaintiff, an at-will employee, had a reasonable expectation to continue employment with Accretive. Based on this failure alone, Plaintiff's claim of tortious interference against Tolan should be dismissed.

---

[1] In fact, the Amended and Restated Stock Option Plan which provided Plaintiff the right to purchase his options specifically anticipated that the employment of an individual who purchased shares under the Plan might be terminated (Para. 5.8).

### C. Plaintiff Fails to Allege That A Third-Party Purposefully Interfered With His Reasonable Expectation Of Continued Employment With Accretive.

Plaintiff's Complaint also fails to satisfy the third element of his tort claim: requisite purposeful interference by a third party. While at-will employees have "a chance" to state a claim of tortious interference with prospective economic advantage, that chance is a limited one. *Ali*, 481 F.3d at 945 (7th Cir. 2007). "[O]nly when the actions of a third party cause an employer to decide to fire an at-will employee, the third party might be liable in tort." *Id.* (citing Illinois cases analyzing the third party requirement since *Fellhauer*). Thus, although Illinois courts recognize that an at-will employee may have a viable tortious interference claim, the employee must establish that a *third-party* purposefully interfered with his or her legitimate expectancy.

The Seventh Circuit recently addressed this third-party requirement in *Ali v. Shaw*, 481 F.3d 942 (7th Cir. 2007) (affirming *Ali v. Cook County Bd. Of Review*, 2006 U.S. Dist. LEXIS 97462 (N.D. Ill. Jan. 9 2006) (Conlon, J.)). In *Ali*, an employee of the Cook County Board of Review brought a tortious interference with prospective economic advantage claim against one of the commissioners of the Board for interfering with her employment. *Ali*, 481 F.3d at 943. The commissioner in question had just lost an election bid and thought the employee was rejoicing in his loss. *Id.* at 943-44. The commissioner requested that the Board terminate the employee for insubordination, and the Board subsequently fired her. *Id.*

The Seventh Circuit found that the commissioner's actions did not amount to third-party interference because the commissioner was "far from an intermeddling outsider: he was [Plaintiff's] boss." *Id.* at 945. The facts in *Ali* established that when one Board commissioner wanted an employee fired, the other commissioners "tended to defer to that commissioner's desires." *Id.* Thus, the commissioner's relationship to the employee and the Board placed the

case "into the category of an employment decision rather than third-party interference." *Id.* at 946.

Plaintiff has similarly failed to satisfy the third-party requirement of his tortious interference claim against Tolan. Tolan's relationships to Accretive and Plaintiff are analogous to the commissioner's relationships in *Ali*. Tolan is not an "intermeddling outsider:" she is Accretive's CEO. Tolan's alleged conduct constituted an "employment decision," not the requisite third-party interference necessary to state a claim. Based on the foregoing, this Court should dismiss Count III of Plaintiff's Complaint with prejudice.

## II. PLAINTIFF CANNOT STATE A CLAIM OF TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONSHIP AGAINST A CORPORATE OFFICER.

Tolan is Accretive's Chief Executive Officer and its founder. Under Illinois law, Tolan's actions are protected by a well-established qualified privilege that courts in this Circuit have repeatedly recognized and upheld. The Seventh Circuit articulated this privilege in *Fuller v. Chicago Coll. of Osteopathic Med.*, 719 F.2d 1326 (7th Cir. 1983): "[c]orporate officers are not outsiders intermeddling maliciously in the business affairs of the corporation. They are privileged to act on behalf of their corporations, using their business judgment and discretion." *Fuller v. Chicago Coll. of Osteopathic Med.*, 719 F.2d 1326, 1333 (7th Cir. 1983) (citing *Loewenthal Sec. Co. v. White Paving Co.*, 184 N.E. 310, 316 (Ill. 1932)).

Corporate officers, as a result of this qualified privilege, are not liable for interfering with their corporate principals' contracts unless the facts establish "that the officers induced the breach to further their personal goals or to injure the other party to the contract, *and* acted contrary to the best interest of the corporation." *Fuller*, 719 F.2d at 1333 (emphasis in original). Stated simply, a plaintiff may only survive a motion to dismiss if he alleges facts demonstrating

that a corporate officer acted "out of personal motive and without intent to further" the principal's interests. *See id.*

This Court has consistently dismissed claims against corporate officers for tortious interference with contract based on the foregoing precedent and rationale. *See, e.g., Inchingolo v. AB Initio Software Corp.*, 2006 U.S. Dist. LEXIS 80727, at *15-16 (N.D. Ill. November 3, 2006) (although plaintiff sufficiently alleged that the corporate officer acted to further her personal goals, plaintiff failed to demonstrate that the officer acted contrary to the best interests of the corporation where the facts actually showed that the corporation continued to flourish); *Watson v. Nat'l R.R. Passenger Corp.*, 1989 U.S. Dist. LEXIS 1250, at *3-5 (N.D. Ill. February 7, 1989) (allegations that the corporate officer discharged her "in an effort to consolidate and enhance his position" with the corporation was a "professional" aspiration and "by itself should not provide a basis for liability"); *Medina v. Spotnail, Inc.* 591 F. Supp. 190, 196-97 (N.D. Ill. 1984) (Filipino plaintiff's allegations of corporate officer's "general malice" against Filipinos was not enough to establish personal motive against plaintiff).

Plaintiff has failed to allege a single fact demonstrating that Tolan tortiously interfered with his prospective relationship with Accretive for personal motive or gain. As noted earlier, Plaintiff alleges that he reported Miller's conduct to Tolan and that she ignored him when he expressed concern regarding the ensuing investigation into Miller's conduct. Plaintiff then alleges that Tolan subjected him to "heightened scrutiny" in an effort to find "a reason to terminate" him. These allegations do not state a sufficient claim against Tolan. At best, Plaintiff has alleged that Tolan used her discretion and decided to proceed with the investigation into Miller's conduct as she saw fit. Plaintiff's alleged concerns about the propriety of the investigation are unsubstantiated, as Plaintiff has not stated any facts demonstrating that the

investigation was handled improperly. Plaintiff's allegation that Tolan was looking for a reason to terminate him is also speculative, and Tolan's alleged heightened scrutiny of his work does not give rise to an inference of malice or personal motive against Plaintiff.

Plaintiff's allegation that Tolan set up a "sham investigation" into his reports of Miller's allegedly discriminatory conduct also fails to establish the requisite personal motive. The plaintiff in *Vickers v. Abbot Labs.*, 308 Ill. App. 3d 393 (Ill. App. Ct. 1999) made the similar claim that certain corporate officer defendants tortiously interfered with his prospective economic advantage by conducting a "shoddy investigation" into complaints of sexual harassment lodged against the plaintiff which led to his reassignment to a non-supervisory position. *Vickers v. Abbot Labs.*, 308 Ill. App. 3d 393, 411 (Ill. App. Ct. 1999). The court affirmed summary judgment for the defendants and held that the record indicated the corporate officers were acting in "good faith" in handling the investigation. *Id.* at 412. The court found that plaintiff's deposition testimony and "speculation" regarding the corporate officers' failure to supply plaintiff with the names of his accusers and conduct a good-faith investigation did not allege sufficient facts from which the court could infer improper motive. *Id.*

Similarly, Plaintiff's speculation that Tolan conducted a "sham" investigation is an insufficient basis upon which to infer improper motive. Plaintiff's bare allegations that Tolan acted "solely with malice and intent to harm" Plaintiff fall far short of stating a claim, and Plaintiff's mere description of Tolan's conduct as "malicious" is not a "factual allegation of sufficient wrongful conduct." *See Fuller*, 719 F.2d at 1133, n.6 (citing *Worrick v. Flora*, 272 N.E.2d 708, 711 (Ill. App. Ct. 1971)). Plaintiff's Complaint lacks any facts from which this Court may reasonably infer that Tolan "was acting other than in accord" with her "usual and customary duties on behalf of the corporation." *Worrick*, 272 N.E.2d at 711.

Finally, Plaintiff's unsupported assertion that Tolan terminated him based on false allegations does not provide the Court with grounds to infer that Tolan had personal motives to terminate Plaintiff. Plaintiff does not even mention the purported "false allegations" that led to his termination. *See Fellhauer*, 568 N.E.2d at 879 (holding that plaintiff did not state a claim for tortious interference against a corporate officer-like defendant where, among other things, plaintiff alleged that defendant filed false charges against plaintiff but failed "to specify in what way the charges were inaccurate or untrue").

Plaintiff has also failed to establish the second prong necessary to state a tortious interference claim against a corporate officer: actions contrary to the best interest of the corporation. Plaintiff's allegedly good performance reviews and business successes at Accretive are insufficient facts upon which to base a tortious interference claim against Tolan. In *Ali*, the Seventh Circuit indicated that terminating a good employee is not necessarily contrary to a company's best interests. The employee's record in that case was "nearly flawless." *Ali*, 481 F.3d at 943. Yet, despite the employee's excellent employment history with the Board, the Court refused to find that the commissioner "overstepped his privilege to act on behalf of the Board in arranging the termination." *Id.* at 946. Thus, the fact that the commissioner's alleged conduct deprived the Board of "an otherwise exemplary employee" was insufficient to establish that the commissioner acted contrary to the legitimate interests of Board. *Id.*

So, too, here, Plaintiff's mere allegation that he was a good employee is insufficient to satisfy his legal burden of establishing that Ms. Tolan acted contrary to Accretive's best interests. Accordingly, because Count III fails to allege the required elements of the claim for tortious interference with prospective economic advantage against a corporate officer, that claim must be dismissed as a matter of law.

### III. PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONSHIP IS PREEMPTED BY THE ILLINOIS HUMAN RIGHTS ACT.

Even assuming that Plaintiff has properly pled a claim for tortious interference with prospective economic advantage, which he has not, his claim is preempted by the Illinois Human Rights Act (the "IHRA"). The IHRA provides that, "no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). The Illinois Supreme Court has interpreted the foregoing provision and held that the IHRA is the "exclusive source for redress of alleged human rights violations." *See Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458-59 (7th Cir. 1994) (quoting *Mein v. Meisonite Corp.*, 485 N.E.2d 312, 315 (Ill. 1985)); *Dorado*, 2002 U.S. Dist. LEXIS 2732, at *17 (quoting *Mein*); *Spight v. Safer Found.*, 1999 U.S. Dist. LEXIS 4170, at *23 (N.D. Ill. Mar. 26, 1999). Illinois courts have consistently applied IHRA preemption to claims of tortious interference grounded in unlawful discrimination. *See Dorado*, at *17-18 (citing cases). If an Illinois court does not have jurisdiction over a tortious interference claim, this Court also may not exercise supplemental jurisdiction over that claim. *Id.* at *18.

To determine whether Plaintiff's tortious interference claim is preempted by the IHRA preemption, this Court must consider whether that claim "can stand without relying on allegations that constitute an IHRA violation." *Id.* In other words, if Plaintiff's common law tort claim is "inextricably linked" to an allegation of a civil rights violation, then the IHRA is the source of Plaintiff's rights, and there is no independent basis for liability. *Spight*, at *23 (quoting *Geise v. Phoenix Co.*, 639 N.E.2d 1273, 1276 (Ill. 1994)).

Plaintiff's claim for tortious interference with prospective economic advantage against Tolan is inextricably linked to allegations that constitute retaliation under the IHRA. The IHRA prohibits retaliation for opposing that which he or she believes is unlawful discrimination or

- 11 -

sexual harassment in employment. 775 ILCS 5/6-101(A). Unlawful discrimination includes discrimination based on race. 775 ILCS 5/6-103(Q). Sexual harassment includes any unwelcome sexual advances, requests for sexual favors, or any conduct of a sexual nature when "such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment." 775 ILCS 5/2-101(E).

Plaintiff alleges that he reported Miller's allegedly racially discriminatory and sexually harassing conduct to Tolan, and that, as a result of this report, Tolan supposedly interfere with his relationship with Accretive by engaging in "malicious acts" (Compl. ¶¶ 57-58). According to Plaintiff, those allegedly malicious acts culminated in his allegedly retaliatory termination (Compl. ¶¶ 42, 58-59).

This court has found IHRA preemption based on similar allegations. In *Dorado v. Aargus Sec. Sys., Inc.*, 2002 U.S. Dist. LEXIS 2732 (N.D. Ill Feb. 13, 2002), this Court held that the IHRA preempted a tortious interference claim. In *Dorado*, the plaintiff alleged that after he filed an EEOC charge against a third party, the third party allegedly retaliated against him in violation of the IHRA by asking his employer to fire him. *Id.* at *3. The court found that the plaintiff's complaint could only be read to allege that the defendants were "motivated by a desire to retaliate . . . for [plaintiff's] prior complaints" of discrimination. *Id.* at *19. The plaintiff's tortious interference with prospective economic advantage claim was thus preempted by the IHRA because "[a]llegations of impropriety derived from this violation cannot be used to support [Plaintiff's'] claims for tortious interference." *Id.* at *25.

Similarly, Plaintiff's Complaint can only be interpreted as alleging that Tolan's malicious acts were in retaliation against Plaintiff for opposing what he believed to be Miller's

- 12 -

- 13 -

discriminatory and sexually harassing conduct toward her subordinates. This conclusion is further supported by the fact that the very same allegations which form the basis for Plaintiff's Title VII retaliation claim against the corporate defendant also form the basis for his tort claim against Ms. Tolan (*Cf.* ¶¶24-47 *with* Compl. ¶ 54 ). Plaintiff alleges that his report to Tolan of Miller's conduct is protected activity under the Title VII (Compl. ¶ 45). The IHRA prohibits retaliatory action against an employee for engaging in such protected activity. Because Plaintiff's claim for tortious interference against Tolan is inextricably linked to an IHRA violation, that claim is preempted by the Act and must, therefore, be dismissed.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court dismiss Count III of Plaintiff's Complaint against Defendant Mary Tolan with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

MARY TOLAN

By ___s/ Brenda H. Feis___
        One of Her Attorneys

Brenda H. Feis
SEYFARTH SHAW LLP
131 S. Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

May 14, 2009

## CERTIFICATE OF SERVICE

I, Brenda H. Feis, an attorney, do hereby certify that on May 14, 2009, I caused a true and correct copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARY TOLAN'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT to be filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Nancy A. Temple
> Katten & Temple LLP
> 542 S. Dearborn, Suite 610
> Chicago, Illinois 60605
> ntemple@kattentemplelaw.com

                       By:    s/ Brenda H. Feis
                                Brenda H. Feis